IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVE ROBERT DURAN,

       Petitioner,

v.                                      No. CV 10-0160 RB/WPL

ERASMO BRAVO, Warden of
Guadalupe County Detention Center,

       Respondent.

MEMORANDUM OPINION AND
ORDER OF DISMISSAL WITHOUT PREJUDICE

       This matter is before the Court on Petitioner's Motion For A Protective Petition Of "Stay and Abeyance" And For Extension Of Time.  Petitioner asks the Court to enter an order of stay and abeyance, allowing him to exhaust his state remedies before filing a federal habeas corpus petition under 28 U.S.C. § 2254.  As grounds, Petitioner alleges that he is an incarcerated layman, has meritorious claims, has no control of emergency lockdowns, and is awaiting trial transcripts.  The Court will dismiss the motion without prejudice.

       A federal habeas corpus petition must be filed within one year after a state conviction becomes final.  *See* 28 U.S.C. § 2244(d)(1).  As stated by the Court of Appeals for the Tenth Circuit in a § 2255 proceeding, "Congress has expressly limited the time in which a prisoner can bring a § 2255 motion to one year after his conviction becomes final, and any extension of this time period contravenes Congress' clear intent to accelerate the federal habeas process."  *Washington v. United States*, No. 99-3383, 2000 WL 985885, at **2 (10th Cir. July 18, 2000) (denying tolling for inability to obtain transcripts); *and cf. Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (denying tolling for lack of access to legal materials).  Furthermore, the Court may rule on a question of equitable

tolling only after a habeas corpus petition has been filed. *See United States v. Verners*, 15 F. App'x 657, 660 (10th Cir. 2001) (§ 2255 proceeding).

The Court also declines to recharacterize the motion as a § 2254 petition. *See, e.g., United States v. Bedolla*, No. 04-40001-01-SAC, 2008 WL 2949565, at *2 (D. Kan. July 30, 2008) (noting petitioner's right to withdraw or consent to recharacterization of a motion for extension). The Court will dismiss Petitioner's motion without prejudice for lack of jurisdiction. *See Verners*, 15 F. App'x at 660. No opinion is expressed or implied herein concerning the expiration date of the one-year limitation period applicable to Petitioner's conviction.

IT IS THEREFORE ORDERED that Petitioner's Motion For A Protective Petition Of "Stay and Abeyance" And For Extension Of Time is DISMISSED for lack of jurisdiction without prejudice to Petitioner's right to file an application for writ of habeas corpus under 28 U.S.C. § 2254; and this proceeding is DISMISSED;

IT IS FURTHER ORDERED that the Clerk is directed to send to Petitioner, with a copy of this order, a form § 2254 application with instructions, and a motion for leave to proceed in forma pauperis.

_____
UNITED STATES DISTRICT JUDGE